**Not Recommended for Publication or Citation**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

CIVIL ACTION NO. 07-CV-084-HRW

JOE A. BROWDER, JR.                                                                  PETITIONER

VS:            **MEMORANDUM OPINION AND ORDER**

JOHN MOTLEY, Warden                                                          RESPONDENT

\*\*\*\*  \*\*\*\*  \*\*\*\*  \*\*\*\*

Joe A. Browder, who is currently incarcerated at the Eastern Kentucky Correctional Complex ("EKCC"), in West Liberty, Kentucky, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 [Record No. 2] and has paid the District Court filing fee for a habeas proceeding.

This matter is before the Court for the screening of the petition. *See* 28 U.S.C. § 2243; *Harper v. Thoms*, 2002 WL 31388736, \*1 (6th Cir. 2002).[1] As Browder is appearing *pro se*, his petition is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

CLAIMS

Petitioner claims that prison disciplinary proceedings against him have violated his rights under the United States Constitution at Amendments 1, 5, and 14; 42 U.S.C. § 1985; and Kentucky law.

---

[1] During screening, the allegations in the petition are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, the Court may dismiss the petition at any time, or make any such disposition as law and justice require, if it determines that the petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

BACKGROUND

The docket of the Court shows that this is the second *pro se* habeas action which Petitioner has filed in this Court. On May 31, 2006, he filed a petition pursuant to 28 U.S.C. § 2254, initiating *Browder v. BCC*, 06-CV-177-JMH. a matter still pending. The record in that case shows that the Petitioner used a common form for filing Section 2254 actions and paid the $5 habeas filing fee.

In the words of the Magistrate Judge assigned to that case, once the previous action was launched however, the Petitioner "offered a steady barrage of motions that, in large part, do not relate to the habeas petition." Record No. 48. These included allegations of racism, retaliation, harassment by Kentucky prisoner officials, a claim that a mail clerk at Blackburn Correctional Complex ("BCC") violated his right to access the Courts, and a charge of conspiracy to violate his rights under 42 U.S.C. § 1985. *Id.*

On August 16, 2007, upon the Report and Recommendation of the Magistrate Judge, the Court denied the petition and several motions. [Record No. 51] However, the Court also ordered that the Magistrate Judge retain and issue another Report and Recommendation on Browder's Motion to Amend his petition [Record No. 50] and his later-filed request for relief pursuant to Section 1985 [Record No. 46]. These matters are still pending.

INSTANT ALLEGATIONS

When Browder filed the instant case, he similarly completed a commonly used petition form, this time a form for Section 2241 petitions, and submitted it with several attached pages of more handwritten allegations and a stack of documentary exhibits [Record No. 2]. Again, he paid the $5.00 filing fee for a habeas proceeding. In the first six weeks after thus initiating this action, he has submitted two motions [Record Nos. 9, 10] and five additional submissions.

Of Browder's five additional submissions, three are pleadings, each of which he has titled as a "Supplement" to his petition [Record Nos. 5, 6, 8]. The final two filings have been docketed as letters, although it appears that Petitioner has intended to amend and update his claims with allegations and exhibits concerning even more recent events. [Record Nos. 12-13].

In the original petition herein, Browder claims that numerous prison disciplinary actions against him were based on racism and/or retaliation for his filing grievances against prison personnel at two state penal facilities,[2] and the decisions in these proceedings were in contravention of his rights, as set out above in "<u>CLAIMS</u>." The exhibits include copies of requests which he has purportedly made under Kentucky's Open Records Act, several grievance forms bearing his signature, and forms which were used in the complained-of disciplinary proceedings and his administrative appeals.

The *pro se* Petitioner's allegations are difficult to decipher, but the attachments from the disciplinary proceedings and grievances help define the events and issues. The incident reports which lead to the complained-of disciplinary actions all appear to have occurred in 2007, i.e., on February 7th, February 27th, May 12th, May 24th, and July 7th. On the pages showing the results on the charges and the penalties imposed, at the lines designated for the warden to rule on appeal, some of the lines are blank, some contain the warden's signature that no appeal was received, and some contain the warden's concurrence with the result, with his signature.

At the conclusion of the petition herein, Browder states that he is seeking an evidentiary

---

[2] In this case, it is not clear when the Petitioner was transferred. The first complained-of incidents evidently occurred at the Blackburn Correctional Complex ("BCC") and the latter ones occurred at the EKCC. As these were both state penal facilities, the same state regulations controlled the disciplinary proceedings, and location is not a factor in the claims herein. The Court notes, however, that in *Browder v. BCC*, 06-CV-177-JMH, the Magistrate Judge found that the transfer occurred in February of 2007 [Record No. 48].

hearing; protection, presumably from prison staff; transfer to a prison with a law library; and the vacating of the disciplinary punishments, which would include the restoration of hundreds of days of good conduct time ("GCT") and release from segregation.

One month after submitting the original petition, on August 21, 2007, Browder filed the first of his three self-styled "Supplements" [Record No. 5], the full title of the first being "Supplement to 28 U.S.C.A. § 2241 petitioner and Demand for Damages under 42 U.S.C.A. §§ 1983, 1985 and Notification of Payment of the $5.00 Filing Fee." In this pleading, the Petitioner complains of incorrect commissary orders and mistakes in his medications and he claims to be entitled to millions of dollars in damages from certain EKCC employees, individually and officially, under the Constitution's Eighth and Fourteenth Amendments and under 42 U.S.C.A. §§ 1983 and 1985. His attachments include the EKCC warden's August 8, 2007, signature that no appeal was filed on the disciplinary decision and loss of GCT, which flowed from the July 7, 2007, incident described in the original petition.

Also on August 21st, the Petitioner submitted another, separate "Supplement." Record No. 6. In this one, he describes events occurring on August 17th and 18th, adds the names of additional EKCC staff as defendants whom he wishes to sue, and increases the amount of his demand for damages. There are no attachments. On September 6th, Browder submitted his third Supplement, which is similar to the second one in that it contains his allegations about events occurring in the interim since his last filing and evidences his desire to add still another defendant and demand for damages. He attaches copies of the disciplinary write ups/charges against him which have flowed from incidents apparently occurring on August 23rd and 28th.

In the fourth filing, titled "Criminal Complaint and Amendment to Motion for Order

Mandating Transfer; and Amendment to Civil Rights Complaint re: Ruth Lambert" [Record No. 12], which was filed September 27, 2007, Browder alleges that two EKCC nurses, one named Bell and one named Lambert, have attempted to murder him. He asks that the attached Kentucky Criminal Complaint form be filed in this case and that unnamed authorities be notified. The Court notes that this pleading and its attachments are virtually identical with his September 26, 2007, filing in 06-CV-177-JMH at Record No. 54, where he asks for the same relief.

Finally, in a second docketed letter [Record No. 13], Browder's most recent filing in this case, the title of which begins, "Petitioner-Plaintiff's Supplement to Sept. 4, 2007 Pleading . . . ," he describes still more recent events and attaches several documents: two more Kentucky Open Record Acts requests, the disciplinary decision flowing from an August 28, 2007, incident, and documents concerning health issues.

## DISCUSSION

The instant Petitioner has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, has paid the district court's habeas filing fee of $5.00, and has appropriately named his custodian as the Respondent. The only issues which he may raise under § 2241, however, are those which challenge the execution of sentence, such as the computation of his sentence or sentence credits. *See DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam); *Cohen v. United States*, 593 F.2d 766, 770-71 (6th Cir. 1979). Consistent therewith, to the extent that Browder has sought to set aside the challenged disciplinary convictions, a remedy which would shorten the length of time that he will spend confined, his action would be permissible under Section 2241.

However, as he has done in his previous lawsuit in this Court, in the time after filing his original petition, Browder has attempted to turn the habeas proceeding from one challenging the

length of his confinement into a civil action for damages relating to the conditions of his confinement, pursuant to 42 U.S.C. §1983, *et seq.*, an entirely different cause of action. This conversion will not be permitted herein, for several reasons. First, where a prisoner challenges the forfeiture of good time, his sole federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The instant Petitioner has already chosen to file a petition form and to pay the corresponding $5.00 filing fee and to challenge disciplinary proceedings wherein he lost GCT.

Additionally, in order to seek damages for the violation of a prisoner's federal rights in a civil case, pursuant to 42 U.S.C. § 1983 and/or § 1985, a prisoner must first either fully pay the higher district court filing fee of $350.00, or move to proceed *in forma pauperis*, with supporting financial information, pursuant to 28 U.S.C. § 1915, so that he may pay the $350.00 in installments. To date, the Petitioner has not addressed the matter of the appropriate fee for a combined action.

Even were the Court to liberally construe Browder's August 21st supplements as amendments of right or all three supplements as motions to amend and to grant them, thereby converting this into a civil action for damages for him, the conversion would obligate the Petitioner/Plaintiff to pay the $350.00 fee. The federal courts have been instructed to assess the higher fee if a prisoner attempts to "cloak" a civil action into in Section 2254 or Section 2255 garb. *Kincade v. Sparkman*, 117 F.3d 949, 952 (6th Cir. 1997). However, as this is a Section 2241 proceeding and this Petitioner has appropriately challenged the execution of his sentence herein, the Court chooses not to assess the fee. The Court is not convinced that the $350.00 payment is one which Browder would undertake willingly and the Court is of the opinion that such a commitment should be undertaken by the litigant with full knowledge of the financial impact.

Moreover, to state a civil rights claim based on the federal constitution or other federal law,

sufficient to pass initial screening as a Section 1983 civil rights action, the would-be Plaintiff must plead and prove two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *Street v. Corr.Corp. of Am.,* 102 F.3d 810, 814 (6th Cir. 1996); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

Even assuming that Browder would pay the higher fee and could appropriately plead a violation of his federal rights, the second component for stating a civil rights claim, *i.e.*, the naming of the persons acting under color of state law as the defendants, did not occur herein. Browder has named only the EKCC warden as the Respondent, but he has not alleged that the warden was personally involved in any complained-of action. *See Williams v. Faulkner*, 837 F.2d 304, 308 (7th Cir. 1988); *Boyce v. Alizaduh*, 595 F.2d 948, 953 (4th Cir. 1979). A plaintiff cannot recover on a *respondeat superior* theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981); *Williams*, 837 F.2d at 308; *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984), *cert. denied*, 469 U.S. 845 (1984). *Respondeat superior* no longer applies to impute liability onto supervisory personnel.

In order to find the warden liable, a plaintiff must allege that the supervisors condoned, encouraged or participated in the alleged misconduct. *Birrell v. Brown*, 867 F.2d 956, 959 (6th Cir. 1989). These allegations are not present for the warden herein. Nor are other persons designated as Defendants. And the Court is reluctant to construe as defendants, persons who have no notice of his claims and no evidence of his financial commitment to a civil action, which could make them liable individually.

In the case *sub judice*, Browder clearly chose to fulfill the requirements for seeking habeas relief, not those for filing a civil rights lawsuit. For all of the above-stated reasons, then, the Court will not facilitate the expansion of this case into a civil rights case for damages but will dismiss all claims herein except those going to the request for habeas relief. The dismissal of the conditions-of-confinement claims will be without prejudice to the Petitioner's bringing the same claims again. He need only exhaust his grievance or other administrative remedies, file a complaint setting out his claims and naming defendants, and either pay the $350.00 filing fee or apply to proceed *in forma pauperis*, so as to be able to pay the filing fee in installments.

This procedure will actually facilitate the Petitioner's recovery if he chooses to file a civil action on the disciplinary proceedings. In *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court ruled that a prisoner cannot use Section 1983 to challenge prison procedures employed to deprive him of good-time credits when the alleged procedural defect alleged would, if established, "necessarily imply the invalidity of the punishment imposed." *Id* at 648. Only after the disciplinary conviction has been overturned or otherwise invalidated, such as in a state habeas or Section 2241 proceeding, may the prisoner sue for damages for the defects in the disciplinary proceedings. Therefore, upon this Petitioner's having achieved the invalidation of any one of his disciplinary proceedings, he can bring these claims for damages under 42 U.S.C. § 1983.

Having thus restricted scrutiny of the instant petition to the complained-of disciplinary proceedings, the Court next addresses these claims and is met with a looming pre-requisite for its review thereof. The law is well settled that before federal habeas relief is available, a prisoner must have exhausted available state remedies. *Preiser*, 411 U.S. at 489-90 and 499 n. 14. The federal courts have consistently required the exhaustion of state court remedies as a prerequisite to such a

filing. *See Irvin v. Dowd*, 359 U.S. 394, 406 (1959); *Click v. Ohio*, 319 F.2d 855 (6th Cir. 1963); *Atkins v. Michigan*, 644 F.2d 543 (6th Cir. 1981), *cert. denied*, 452 U.S. 964 (1981).

This is consistent with the other habeas statute frequently used, 28 U.S.C. § 2254, which also requires exhaustion of state court remedies, by equally consistent court rulings. *See Preiser v. Rodriguez*, 411 U.S. at 490; *Rose v. Lundy*, 455 U.S. 509 (1982); *Dixon v. Alexander*, 741 F.2d 121, 124-25 (6th Cir. 1984). The state's highest court must have an opportunity to review the claims. *Castillo v. Peoples*, 489 U.S. 346, 350-51 (1989).

From the Petitioner's pleadings, it is unclear whether he has instituted state proceedings regarding the same disciplinary decisions which he presents in this case. He refers to a state proceeding, *Browder v. Reese, et al.*, Case No. 07-CI-909, but does not give the subject matter, locus, nor status of that proceeding. Browder has, therefore, not demonstrated exhaustion of the state court remedies therein such that the federal court may proceed to review each claim. *See also Younger v. Harris*, 401 U.S. 37 (1971) (directing abstention by the federal courts if matters are pending in a state proceeding as a matter of comity between state and federal courts).

Kentucky provides an adequate remedy for restoration of good time credits. *Ky. Rev. Stat.* section 419.020; *see also Ky. Rev. Stat.* section 197.045 (good-time provisions). A prisoner must first request the restoration of his good time credits by exhausting his state court remedies. *See Duckworth v. Serrano*, 454 U.S. 1 (1981) (per curiam). A state prisoner may also challenge the computation of good time credits in a Kentucky state court. *See Polsgrove v. Kentucky Bureau of Corrections*, 559 S.W.2d 736 (Ky. 1977); *see also Eldridge v. Howard*, 427 S.W.2d 579 (1966); *O'Dea v. Clark*, 883 S.W.2d 888 (Ky. App. 1994) (discretionary rev. denied 1994). A Kentucky prisoner may even challenge the constitutionality of a prison disciplinary proceeding in the

Kentucky courts. *See Gilhaus v. Wilson*, 734 S.W.2d 808 (Ky. App. 1987).

Thus, the would-be plaintiff's failure to demonstrate that he has raised these matters before the Kentucky circuit and appellate courts precludes consideration of these habeas claim. Until Browder presents his claims to all levels of the Kentucky judicial system, his claim for restoration of any lost good time credits cannot be considered by this Court. Therefore, the habeas portion of the instant action will also be dismissed. As with the non-habeas claims, again the dismissal will be without prejudice to Browder's right to re-file a habeas petition after he has exhausted his state court remedies, and if he has invalidated any of the disciplinary proceedings, he may then file a civil rights lawsuit for damages.

To the extent that the Petitioner asserts a claim of malicious prosecution and claims of multiple violations of Kentucky's Open Records Act, he is advised that these are state claims over which the federal court has no jurisdiction, absent a federal cause of action. As the federal claims in this petition will be dismissed, so, too will the pendent state claims be dismissed, again without prejudice. *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966); *Gregory v. Hunt, et al.*, 24 F.3d 781 (6th Cir. 1994); *Kitchen v. Chippewa Valley Schs.*, 825 F.2d 1004 (6th Cir. 1987).

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

(1) The Petition of Joe A. Browder [Record No. 2] is **DENIED**.

(2) Petitioner's motions pursuant to Kentucky's Open Records Act [Record Nos. 9-10] are **DENIED** without prejudice.

(3) Petitioner's cause of action herein will be **DISMISSED**, without prejudice, and a

contemporaneous Judgment shall issue in favor of the Respondent.

(4) The Clerk of the Court shall send informational copies of the instant Memorandum Opinion and Order and the Judgment to (a) counsel of record for Kentucky, Brenn Oliver Combs, in *Browder v. Blackburn Correctional Complex*, Lex. 06-CV-177-JMH, and also to (b) Magistrate Judge Robert E. Wier.

This October 8, 2007.



Signed By:
Henry R Wilhoit Jr.
United States District Judge